Filed 11/22/23  P. v. Beadle CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY F. BEADLE,<br><br>    Defendant and Appellant. | 2d Crim. No. B327520<br>(Super. Ct. No. NA105727)<br>(Los Angeles County) |

Jeffrey F. Beadle appeals the denial of his petition for resentencing under Penal Code[1] section 1172.75.  In 2018, a jury convicted appellant of unlawful sexual intercourse with a minor (§ 261.5, subd. (c); count 1), human trafficking of a minor (§ 236.1, subd. (c)(1)), pimping of a minor (§ 266h, subd. (b)(1)), pandering with a minor (§ 266i, subd. (b)(1)), and seven counts of dissuading a witness from testifying (§ 136.1, subd. (a)(1)).  Prior strike and prior prison term allegations (§ 667, subd. (a)(1), former § 667.5,

---

[1] All statutory references are to the Penal Code, unless otherwise noted.

subd. (b)) were found true based on appellant's prior 2011 conviction and prison term for committing a lewd act on a child under the age of 14 (§ 288, subd. (a)).  As to count 1, the jury also found true an allegation that appellant personally inflicted great bodily injury in committing the offense (§ 12022.7).  The trial court sentenced him to an aggregate term of 47 years in state prison.  Imposition of the one-year prior prison term enhancement under former section 667.5, subdivision (b) was stayed.

When appellant was convicted and sentenced, defendants were subject to a one-year prison term enhancement for each true finding on allegations they had served a prior prison term and had thereafter remained free from custody for at least five years. (Former § 667.5, subd. (b).)  Effective January 1, 2020, as enacted pursuant to Senate Bill (SB) 136, section 667.5, subdivision (b) was amended to limit prior prison term enhancements to prior terms imposed for sexually violent offenses "as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." (Stats. 2019, ch. 590, § 1; *People v. Escobedo* (2023) 95 Cal.App.5th 440, 445 (*Escobedo*).)

The Legislature subsequently enacted SB 483, which sought to make the changes effected by SB 136 retroactive. (Stats. 2021, ch. 728, § 1; *Escobedo*, *supra*, 95 Cal.App.5th at p. 445.)  SB 483 went into effect on January 1, 2022, and added former section 1171.1 (now section 1172.75) to the Penal Code. (*Ibid.*)  Section 1172.75 provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, *except for any enhancement imposed for a prior conviction for a sexually violent offense . . .* is legally invalid." (§ 1172.75, subd. (a), italics added.)

2

Section 1172.75 also establishes a mechanism to provide affected defendants a remedy for those legally invalid enhancements. Subdivision (b) directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") and the correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and . . . provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).) After the trial court receives from the CDCR and county correctional administrator the information included in subdivision (b) of the statute, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)," and if so, "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

In December 2022, the trial court reviewed appellant's case pursuant to section 1172.75 and found him ineligible for resentencing because (1) his prior conviction for committing a lewd act on child (§ 288, subd. (a)) is a sexually violent offense, and (2) he is not currently serving a sentence based on the enhancement because imposition of the one-year enhancement was stayed.

Appellant filed a notice of appeal and we appointed counsel to represent him. After reviewing the record, counsel filed a brief raising no issues in accordance with *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and requested that we independently review the record for error. We advised appellant of his right to personally submit any contentions or issues he wished us to

3

consider.  Appellant subsequently filed a supplemental brief contending the court erred in declining to resentence him because his prior conviction for committing a lewd act on a child (§ 288, subd. (a)) does not qualify a sexually violent offense.  He also claims he is eligible for relief under section 1172.75 notwithstanding that imposition of the sentencing enhancement for the prior conviction was stayed.[2]  We are not persuaded.

One-year prior prison term enhancements remain valid for convictions of crimes that are defined in subdivision (b) of section 6600 of the Welfare and Institutions Code as sexually violent offenses.  (§ 667.5, subd. (b).)  Accordingly, defendants serving sentences that include such enhancements are not entitled to resentencing relief under section 1172.75.  (§ 1172.75, subd. (a).)  Lewd conduct on a child under the age of 14 (§ 288, subd. (a)) is identified as a sexually violent offense (Welf. & Inst. Code, § 6600, subd. (b).)  Contrary to appellant's claim, section 288 is not "considered a wobbler" (i.e, subject to punishment as either a misdemeanor or a felony) that "had to be placed by a judge or prosecutor within the scope of" section 667.5.  Because appellant's prior conviction under section 288, subdivision (a) was for a sexually violent offense, the court correctly found he was not eligible for resentencing under section 1172.5.  In light of this conclusion, we need not address appellant's alternative contention that he would otherwise be eligible for relief under

---

[2] Because appellant filed a supplemental brief, we are "required to evaluate the specific arguments presented in that brief and . . . issue a written opinion." (*Delgadillo, supra,* 14 Cal.5th at p. 232.)

section 1172.75 even though imposition of the one-year enhancement for the prior conviction was stayed.[3]

The judgment is affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P. J.

BALTODANO, J.

---

[3] After appellant filed his supplemental brief, he submitted a copy of the abstract of judgment on his prior conviction for committing a lewd act on a child in violation of section 288, subdivision (a) (Los Angeles County Superior Ct. Case no. VA110758) and requested that it be attached to his brief. Although we grant the request, the abstract merely provides further support for the conclusion that he is not entitled to relief under section 1172.75.

Laura Laesecke, Judge
Superior Court County of Los Angeles
_____


Gloria C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.